UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER PONCE CASTELLON,<br><br>                Petitioner,<br><br>   v.<br><br>WARDEN,<br><br>                Respondent. | Case No.  2:23-cv-01408-JDP (HC)<br><br>**ORDER**<br><br>THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS CASE AND DENYING PETITIONER'S REQUEST FOR JUDICIAL NOTICE<br><br>ECF No. 9<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED AND PETITIONER'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>ECF Nos. 6 & 7<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

      Petitioner Javier Ponce Castellon, a federal prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that the Bureau of Prisons ("BOP") has failed to properly apply credits he earned under the First Step Act ("FSA").  Respondent has moved to dismiss the petition as moot, arguing that all credits to which petitioner is entitled have been applied and the action no longer presents a case or controversy.  ECF No. 6.  Petitioner has filed both an opposition, ECF No. 8, his own motion for summary judgment, ECF No. 7, and a request for

1  judicial notice, ECF No. 9.  I recommend, for the reasons stated hereafter, that respondent's

2  motion to dismiss be granted and plaintiff's motion for summary judgment be denied.  I will deny

3  petitioner's request for judicial notice.

4  No habeas rule specifically applies to motions to dismiss.  *See Hillery v. Pulley*, 533 F.

5  Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically

6  provided for in the rules but must be inferred from their structure and the Advisory Committee

7  Notes.").  The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the

8  court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  *See O'Bremski v. Maass*,

9  915 F.2d 418, 420 (9th Cir. 1991).  Under Rule 4, I evaluate whether it "plainly appears" that the

10 petitioner is not entitled to relief and, if so, recommend dismissal of the petition.  Rule 4 is

11 applicable to petitions proceeding under § 2241, like the one at bar.

12 Respondent argues that, since the petition was filed, petitioner has been credited with all

13 credits he is owed under the FSA.  ECF No. 6 at 3.  Specifically, respondent shows that petitioner

14 received 365 days of credits.  ECF No. 6-1 at 7.  In his opposition, petitioner acknowledges that

15 he received these credits, but contends that he is entitled to further relief, namely placement in a

16 halfway house.  ECF No. 8 at 2.  He points out that, in the attachments to respondent's motion to

17 dismiss, an affidavit from a BOP and Department of Justice paralegal indicates that he has earned

18 490 days of "FTC" credits that may be applied towards community placement.  *Id.* at 2; ECF No.

19 6-1 at 5.

20 As an initial matter, placement in a halfway house was not a form of relief raised in the

21 operative petition.  Therein, petitioner requested only that the BOP be ordered to apply his credits

22 in accordance with the FSA and that his release date be recalculated to reflect those credits.  ECF

23 No. 1 at 3.  Second, the designation of place of imprisonment is left to the discretion of the BOP

24 and is not reviewable by this court.  *See* 18 U.S.C. § 3621(b) ("Notwithstanding any other

25 provision of law, a designation of a placement of imprisonment under this subsection is not

26 reviewable by any court.").  Other courts have found that the FSA does nothing to modify the

27 discretion afforded the BOP on placement in either a halfway house or home confinement.  *See*

28 *Mars v. Heisner*, No. CV-22-01933-PHX-SPL (JZB), 2023 U.S. Dist. LEXIS 135880, *15 (D.

1  Ariz. Jun. 26, 2023) ("Whether to permit an inmate to complete the end-phase of their sentence
2  outside of formal prison custody is a matter of discretion left to the BOP. . . . And although
3  application of an inmates FSA FTCs may effectively move up the date that inmate is eligible to
4  be considered for prerelease custody, application of those FTCs do not compel the BOP to allow
5  that inmate to participate in prerelease custody."). Accordingly, I find that there is no further
6  relief to which petitioner is entitled in this action. In so finding, I necessarily recommend his
7  motion for summary judgment be denied.[1]

8  Finally, in a recently filed request for judicial notice, petitioner argues that his projected
9  release date has been postponed because he has a final order of removal. ECF No. 9 at 2. That
10 order of removal is attached to his request for judicial notice. *Id.* at 7. He asks that I order the
11 BOP to reinstate his original release date. *Id.* at 2. This request, however, is beyond the scope of
12 this action. Petitioner's argument appears to be that he should not be subject to a final order of
13 removal because he has not been previously deported. *Id.* Whether petitioner is subject to a final
14 order of removal or deportable is beyond the scope of this action, and I cannot order the executive
15 to ignore those issues in calculating petitioner's credits. It may be, as petitioner argues, that he
16 should not be under a final order of removal, but that challenge must be brought separately, likely
17 in Immigration Court. Accordingly, his request for judicial notice is denied.

18  It is ORDERED that:
19  1.   The Clerk of Court shall assign a district judge to this action.
20  2.   Petitioner's request for judicial notice, ECF No. 9, is DENIED.
21  Further, it is recommended that:
22  1.   Respondent's motion to dismiss, ECF No. 6, be GRANTED and the petition be
23  DISMISSED.
24  2.   Petitioner's motion for summary judgment, ECF No. 7, be DENIED.

---

[1] I note that the motion for summary judgment consists of little more than petitioner's assertion that he did not receive respondent's response to his petition. ECF No. 7 at 1. Given that he has filed an opposition to the motion to dismiss, that issue is resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: \_\_\_June 5, 2024\_\_\_   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE